# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DECOLA WILLIAMS** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **SALLY BEAUTY SUPPLY, LLC** | * | |
| **MH & JD BEHRMAN MARKETPLACE, LLC,** | * | |
| **AND XYZ INSURANCE COMPANY** | * | **MAGISTRATE:** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the
United States District Court for the
Eastern District of Louisiana

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Sally Beauty Supply, LLC ("Sally"), who hereby removes this civil action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 based on federal diversity of citizenship jurisdiction, 28 U.S.C. § 1332. In support of the removal of this civil action, Sally avers as follows:

I.

Plaintiff, Decola Williams, filed the case entitled "*Decola Williams versus Sally Beauty Supply, LLC, MH & JD Behrman Marketplace, LLC, and XYX Insurance Company*," No. 2020-02801 on March 25, 2020 in the Civil District Court for the Parish of Orleans, State of Louisiana.[1]

---

[1] See Petition for Damages, attached hereto as Exhibit 1.

II.

In her lawsuit, Plaintiff is asserting claims for personal injury against Sally Beauty Supply, LLC for a trip and fall accident that allegedly occurred at its "store" located at 4021 Behrman Highway, Suite E, in New Orleans, Louisiana on April 30, 2019.[2]  Sally Beauty Supply, LLC appeared in the lawsuit and has contested its liability to Plaintiff.

III.

In addition, Plaintiff asserted claims against the current owner of the building, MH & JD Behrman Marketplace, LLC ("Behrman") and its alleged liability insurer, XYZ Insurance ("XYZ"). Plaintiff admits these claims are based upon Behrman's alleged ownership of the building and XYZ's presence as Behrman's liability insurer.[3] However, as will be discussed in more detail below, Plaintiff improperly joined Behrman and XYZ because Behrman did not own the property at the time of the alleged incident.  Significantly, Plaintiff has not obtained service of citation on Behrman, and Behrman has not appeared in this action.

IV.

Removal is proper because 1) this Notice is being filed within 30 days after Sally's receipt of the first notice that this case is removable; 2) MH & JD Behrman Marketplace, LLC and XYZ Insurance Company have not been served with citations and were improperly joined; 3) complete diversity of citizenship exists between Plaintiff and Sally; and 4) the amount in controversy exceeds $75,000.00, excluding interest and costs as required for federal jurisdiction by 28 U.S.C. § 1332.

---

[2] Exhibit 1, ¶ II.

[3] See Exhibit 1, ¶¶ IV and V.

## COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND DEFENDANT

V.

Removal is proper because there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a), as established by the following:

1. Plaintiff is a person of the full age of majority and a citizen of Louisiana;[4]

2. Plaintiff improperly alleges Defendant Sally Beauty Supply, LLC is a foreign corporation. In fact, Sally is a foreign limited liability company, whose only member is Sally Holdings, LLC. The only member of Sally Holdings, LLC is Sally Investments, LLC. The only member of Sally Investments, LLC is Sally Beauty Holdings, Inc. Sally Beauty Holdings, Inc. is a Delaware corporation with its principal place of business located in Texas. Therefore, for purposes of 28 U.S.C. § 1332, Sally Beauty Supply LLC is deemed to be a citizen of Delaware and a citizen of Texas.

3. Defendant, MH & JD Behrman Marketplace, LLC has been improperly joined; thus, its state of citizenship should be disregarded for diversity purposes, as set forth more fully below.

4. Defendant XYZ Insurance Company has been improperly joined; thus, its state of citizenship should be disregarded for diversity purposes, as set forth more fully below.

## MH & JD BEHRMAN MARKETPLACE, LLC AND XYZ INSURANCE COMPANY HAVE BEEN IMPROPERLY JOINED TO THIS LAWSUIT

VI.

Plaintiff has improperly joined MH & JD Behrman Marketplace, LLC and XYZ Insurance Company. A removing defendant can establish improper joinder by demonstrating "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

---

[4] Exhibit 1, Preamble.

VII.

Although courts typically perform a Rule 12(b)(6) type analysis of the allegations in a plaintiff's petition to determine whether a defendant has established improper joiner, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry" if the plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* (internal quotation marks and citations omitted).

VIII.

As established by the Unsworn Dclaration of Noorali Kapani, Behrman did not own the property at 4021 Behrman Highway, New Orleans, Louisiana 70114 at the time of the alleged accident. Instead, Behrman did not purchase the property until August 27, 2019.[5] Accordingly, Behrman is not liable for any alleged negligence of the owner of the property occurring prior to August 27, 2019. Consequently, Behrman and its alleged liability insurer, XYZ, have been improperly joined, and their citizenship should be disregarded for purposes of determining diversity of citizenship.

**AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

IX.

Additionally, removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

X.

Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs; however, a defendant is not required "to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount.

---

[5] See Unsworn Declaration of Noorali Kabani, attached hereto as Exhibit 2.

XI.

Plaintiff's Petition does not state the value of her claim against Defendants.

XII.

On October 16, 2020, Plaintiff served her Responses to Requests for Admission by e-mail.[6] In her Response to Request No. 2, Plaintiff specifically denied that her damages in this matter "do not exceed $75,000 exclusive of costs and interest."[7]  Moreover, Plaintiff further denied that she would not "collect or seek to collect any amount [of damages] greater than $75,000."[8]  These denials establish that the amount in controversy in this matter exceeds $75,000, exclusive of costs and interest.

### **DEFENDANT HAS COMPLIED WITH ALL OTHER REQUIREMENTS FOR THE REMOVAL OF THIS ACTION TO FEDERAL COURT.**

XIII.

Removal is also proper because this Notice of Removal is being filed within 30 days of receipt of service of Plaintiff's Responses to Request for Admissions.

XIV.

Pursuant to 28 U.S.C. § 98(a), Orleans Parish is located in the Judicial District for the Eastern District of Louisiana.  Accordingly, venue is proper in this Judicial District in accordance with 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this Judicial District.

---

[6] See Exhibit 3, Responses to Request for Admissions, Certificate of Service.

[7] Exhibit 3

[8] Exhibit 3, Response to Request No. 4.

XV.

The consent of Behrman to this removal is not required by 28 U.S.C. § 1446(b)(2)(A) because Behrman has not been served with Citation.[9]

XVI.

Copies of all pleadings, process, orders, and other filings filed in the state court suit are filed concurrently with the filing of this Notice of Removal as required by 28 U.S.C. § 1446(a).[10]

XVII.

This action is removable under and by virtue of the acts of the Congress of the United States, and Defendant desires to remove this action to this Honorable Court.

XVIII.

**WHEREFORE**, Defendant, Sally Beauty Supply, LLC, respectfully prays that the above-captioned action be removed to the United States District Court for the Eastern District of Louisiana in accordance with the provisions of 28 U.S.C. §§ 1441 *et seq*. and that this Honorable Court assume and maintain jurisdiction over all claims asserted by Plaintiff in this civil action.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH**

*/s/ Lee M. Peacocke*
JAMES W. HAILEY, III (23111)
LEE M. PEACOCKE (18374)
CHARLES K. CICERO, III (38237)
400 Poydras Street, Suite 1300
New Orleans, LA  70130
Phone:  504-322-4100
Fax:  504-754-7569
***Counsel for Defendant, Sally Beauty Supply, LLC***

---

[9] Exhibit 4, Orleans Parish Sheriff Civil Case Inquiry Page for Case No. 2020-2801. p. 2.

[10] See State Court Record, attached hereto as Exhibit 5 *en globo*.

## **CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing pleading has been served upon opposing counsel by e-mail, this 6th day of November, 2020.

*/s/ Lee M. Peacocke*
LEE M. PEACOCKE